IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL ALVARADO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE RE EXPERT TESTIMONY<br><br><br><br>Case No. 2:10-CR-157 TS |

This matter is before the Court on Defendant's Motion in Limine Regarding Expert Testimony. Defendant seeks to bar admission of any expert testimony at trial concerning medical issues and/or to bar M.V.M. from testifying as to medical issues. Defendant argues that the government has not disclosed the identity of any expert and that the subject of the medical issues requires expert opinion. Therefore, Defendant argues that the Court should issue an order barring the government from offering either expert testimony or the testimony of M.V.M. concerning her medical issues.

The government counters that it does not intend to call an expert witness to testify as to the nature and extent of M.V.M.'s injuries, but that M.V.M. should be allowed to testify as to her injuries.

The Superseding Indictment in this matter charges Defendant with encouraging or inducing an alien to enter or reside in the United States in violation of the law.[1] A person who, during and in relation to that offense, causes serious bodily injury is subject to a term of imprisonment of not more than 20 years.[2] Serious bodily injury includes extreme physical pain.[3]

Defendant's Motion seeks to exclude any expert testimony based on the government's failure to disclose any such expert. The government has represented that it does not intend to call an expert. Therefore, this portion of Defendant's motion is moot.

Defendant also seeks to preclude M.V.M. from testifying as to her injuries, asserting that expert testimony is required. As set forth above, one of the elements the government must prove beyond a reasonable doubt is that Defendant inflicted serious bodily injury. M.V.M.'s testimony is certainly relevant and highly probative of this issue. Therefore she will be permitted to testify as to the nature and extent of her injuries, when she suffered the injuries, and who inflicted them. Such testimony goes to the jury's determination of whether serious bodily injury was inflicted. The Court must reject Defendant's argument that expert testimony is required to establish serious bodily injury. Lay witness testimony, especially that of the alleged victim, is certainly relevant to

---

[1] 8 U.S.C. § 1324(a)(1)(A)(iv).

[2] *Id*. § 1324(a)(1)(B)(iii).

[3] 18 U.S.C. § 1365(h)(3)(B).

the jury's determination of whether M.V.M. suffered serious bodily injury. Defendant has provided no authority to support his argument that expert testimony is required for the jury to make such a determination.

It is therefore

ORDERED that Defendant's Motion in Limine Regarding Expert Testimony (Docket No. 45) is DENIED.

DATED   January 19, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge