IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAUL ALVARADO,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO GOVERNMENT'S REQUEST FOR LESSER INCLUDED JURY INSTRUCTION<br><br><br><br>Case No. 2:10-CR-157 TS |

This matter is before the Court on Defendant's Objection to Government's Request for Lesser Included Jury Instruction. In his Objection, Defendant objects to the government's request, in its proposed jury instructions, for an instruction on the lesser included offense of simple encouraging or inducing an alien to enter or reside in the United States. For the reasons discussed below, the Court will overrule the objection.

I. BACKGROUND

Defendant was initially indicted on a one count Indictment (the "Original Indictment") with encouraging or inducing an alien to reside in the United States in violation of 8 U.S.C. §

1

1324(a)(1)(A)(iv), and punishable by 8 U.S.C. § 1324(a)(1)(B)(ii).[1] This matter was initially set for trial on May 17, 2010.[2] After two continuances (one filed by Defendant and the other by the government), this matter was set for trial on December 13, 2010.[3] On November 10, 2010, a Superseding Indictment was issued.[4] The Superseding Indictment charged Defendant with encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and punishable by 8 U.S.C. § 1324(a)(1)(B)(iii).[5] Defendant was arraigned on the Superseding Indictment on December 8, 2010, and a trial date was set for January 24, 2010.[6]

In preparation for trial, the parties have submitted proposed jury instructions.[7] The Government's Requested Jury Instruction No. 7 requests that the jury be instructed on the lesser included offense of simple encouraging or inducing an alien to enter or reside in the United States. This lesser included offense would not require the government to prove beyond a reasonable doubt that Defendant, during and in relation to the crime, caused serious bodily injury. Defendant objects to the inclusion of such an instruction.

---

[1]Docket No. 1.

[2]Docket No. 6.

[3]Docket No. 22.

[4]Docket No. 25.

[5]*Id*.

[6]Docket No. 28.

[7]Docket Nos. 40 & 53.

## II. DISCUSSION

A. LESSER INCLUDED OFFENSE

The first issue that must be determined is whether simple encouraging or inducing an alien to enter or reside in the United States is a lesser included offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury.

In determining whether a lesser included offense instruction is appropriate the court considers whether: "(1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two offenses are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense."[8]

Each of these elements has been met. The government has made a proper request for a lesser included offense instruction. The lesser included offense includes some, but not all, of the elements of the offense charged. Specifically, the lesser included offense contains the first three elements of the offense charged, but does not contain the final element: that Defendant, during and in relation to the crime, caused serious bodily injury. This element is clearly in dispute. Finally, a jury could convict Defendant of the lesser offense and acquit him of the greater offense. Therefore, the Court finds that simple encouraging or inducing an alien to enter or reside in the United States is a lesser included offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury.

---

[8] *United States v. Moore*, 108 F.3d 270, 272 (10th Cir. 1997).

B.      THE EFFECT OF THE SUPERSEDING INDICTMENT

Defendant's primary argument in opposition to the requested jury instruction seems to be that, because the lesser included offense was the charge contained in the Original Indictment and the government has now procured a Superseding Indictment, the government cannot request a lesser included offense instruction. Defendant states that "[a]s a consequence of the superseding indictment, the original indictment was dismissed and the speedy trial clock on it has expired."[9] Defendant argues that the original charge "is compromised and dismissed with prejudice" and, therefore, "the Court should not charge the jury with any instruction to consider that charge as a lesser included offense."[10]

Defendant's argument is based on a misunderstanding of the function of a superseding indictment. "The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first."[11] A superseding indictment may be returned at any time before a trial on the merits of an earlier indictment.[12] The Tenth Circuit has stated that there is "no authority which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air."[13] "Other

---

[9]Docket No. 61 at 3.

[10]*Id.*

[11]*United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackman, J., concurring).

[12]*United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977).

[13]*United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991).

4

circuits have clearly stated that a superseding indictment does not in effect dismiss the original indictment and that both indictments can co-exist."[14]

The result here is that both the Original Indictment and the Superseding Indictment remain pending against Defendant and the government may choose which Indictment it wishes to proceed to trial upon.[15] Neither Indictment has been dismissed and there has been no finding, in relation to either Indictment, that the Speedy Trial Act has been violated warranting dismissal. Defendant had filed a Motion to Dismiss on speedy trial grounds, but failed to support that Motion with a supporting memorandum.[16] Without a memorandum in support, the Court was unable to determine the merits of Defendant's Motion and it was dismissed without prejudice.[17] To date, Defendant has chosen not to renew his Motion.

---

[14]*United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004).

[15]*United States v. Stricklin*, 591 F.2d 1112, 1115 n.1 (5th Cir. 1979) ("A superceding indictment may be returned at any time before a trial on the merits. Indeed, two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment. Since the original indictment apparently was never dismissed, there are technically two pending indictments against [the defendant], and it appears that the government may select one of them with which to proceed to trial.") (citations omitted); *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977) ("As we understand it, there are two pending indictments against the defendants, and the government may select one of them with which to proceed to trial.").

[16]Docket No. 29.

[17]Docket No. 32.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Objection to Government's Request for Lesser Included Jury Instruction (Docket No. 61) is DENIED.

DATED   January 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge