IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL ALVARADO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT DEFENDANT'S OBJECTION TO ADMISSION OF THE WRITINGS OF THE ALLEGED VICTIM<br><br>Case No. 2:10-CR-157 TS |

On the proposed exhibit list submitted by the government, the government has indicated that it intends to seek the introduction of several written statements of MVM, the alleged victim.[1] Defendant objects to the admission of these statements, arguing that these writings are inadmissible under the Federal Rules of Evidence.[2]

---

[1] Docket No. 52.

[2] Docket No. 65.

The government, in its response to Defendant's objection, refers the Court to the arguments contained in its trial brief. In the government's trial brief, the government indicates that it intends to introduce certain evidence, presumably the writings at issue in this motion, to rebut a charge that MVM fabricated her testimony in order to receive a U-visa. The government argues that such evidence is admissible under Federal Rule of Evidence 801(d)(1)(B). The government further states that "[t]he admissibility of MVM's prior consistent statements depends in large part on the nature and extent of Defendant's cross examination, i.e. whether Defendant claims that MVM has a motive to lie because she received immigration benefits."[3] The government argues that this issue will not ripen until trial and the Court should avoid ruling on Defendant's objection in the abstract.

The Court agrees that Defendant's objection is premature. However, the Court will provide the following guidance to the parties in preparation for trial. Federal Rule of Evidence 801(d)(1)(B) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."[4] The Supreme Court has clarified that this "Rule permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or

---

[3]Docket No. 67.

[4]Fed.R.Evid. 801(d)(1)(B).

2

motive."[5] The Court further stated that "[p]rior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited. . . . The Rule speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told."[6]

If MVM testifies at trial and Defendant brings an express or implied charge against her of recent fabrication or improper influence or motive, MVM's prior consistent statements used to rebut that charge would not be considered hearsay, so long as those prior consistent statements were made before the charged recent fabrication or improper influence or motive. If the statements that are the subjection of this Objection fall within this category, they may be admissible under Federal Rule of Evidence 801(d)(1)(B). The Court will determine the admissibility of any such statements, in accordance with the standard set forth above, as the trial develops.

It is therefore

ORDERED that Defendant's Objection to Admission of the Writings of the Alleged Victim (Docket No. 65) is TAKEN UNDER ADVISEMENT.

DATED   January 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*Tome v. United States*, 513 U.S. 150, 167 (1995).

[6]*Id.* at 157-58.

3