IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL ALVARDO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE GREATER OFFENSE, DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE LESSER INCLUDED OFFENSE, AND DENYING DEFENDANT'S MOTION FOR MISTRIAL<br><br>Case No. 2:10-CR-157 TS |

This matter is before the Court on Defendant's Motion for Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure and Motion for Mistrial. Defendant made his motions orally, outside the presence of the jury, at the close of the government's case-in-chief. The Court orally granted Defendant's Motion for Judgment of Acquittal as it relates to the greater offense of encouraging or inducing an alien to enter or reside in the United States causing bodily injury, but denied Defendant's Motion as it relates to the lesser-included offense of simple

1

encouraging or inducing an alien to enter or reside in the United States. The Court also denied Defendant's Motion for Mistrial. This Order follows those oral rulings.

I. BACKGROUND

Defendant was initially indicted on a one count Indictment (the "Original Indictment") with encouraging or inducing an alien to reside in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and punishable by 8 U.S.C. § 1324(a)(1)(B)(ii).[1] This matter was initially set for trial on May 17, 2010.[2] After two continuances (one filed by Defendant and the other by the government), this matter was set for trial on December 13, 2010.[3] On November 10, 2010, a Superseding Indictment was issued.[4] The Superseding Indictment charged Defendant with encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and punishable by 8 U.S.C. § 1324(a)(1)(B)(iii).[5] Defendant was arraigned on the Superseding Indictment on December 8, 2010, and a trial date was set for January 24, 2010.[6]

---

[1] Docket No. 1.

[2] Docket No. 6.

[3] Docket No. 22.

[4] Docket No. 25.

[5] *Id*.

[6] Docket No. 28.

In preparation for trial, the parties submitted proposed jury instructions.[7] The Government's Requested Jury Instruction No. 7 requested that the jury be instructed on the lesser included offense of simple encouraging or inducing an alien to enter or reside in the United States. This lesser included offense would not require the government to prove beyond a reasonable doubt that Defendant, during and in relation to the crime, caused serious bodily injury. Defendant objected to the inclusion of such an instruction.[8]

The Court overruled the objection, finding that the charge of simple encouraging or inducing an alien to enter or reside in the United States was a lesser included offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury, and that the government could go forward on the Superseding Indictment with both the greater and lesser-included offenses.[9]

This matter then proceeded to trial where the government presented its case-in-chief. Defendant orally moved for a judgment of acquittal pursuant to Rule 29. The Court orally granted that Motion with respect to the greater offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury, but denied the Motion with respect to the lesser-included offense of simple encouraging or inducing an alien to enter or reside in the United States. The Court also overruled Defendant's Motion for Mistrial.

---

[7]Docket Nos. 40 & 53.

[8]Docket No. 61.

[9]Docket No. 66.

3

## II. DISCUSSION

A.    MOTION FOR JUDGMENT OF ACQUITTAL

Fed.R.Crim.P. 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

When presented with a motion under Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the defendant guilty of the crime beyond a reasonable doubt.[10]

### 1.   *Greater Offense*

Defendant is charged in the Superseding Indictment with encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and punishable by 8 U.S.C. § (a)(1)(B)(iii). This offense requires proof that: (1) MVM was an alien at the time of the offense; (2) Defendant encouraged or induced MVM to enter or reside in the United States; (3) Defendant either knew or acted in reckless disregard of the fact that MVM's entry or residence in the United States was or would be in violation of the law; and (4) Defendant, during and in relation to the offense, caused serious bodily injury to MVM. The Court will discuss each of these elements below.

---

[10] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

First, there is evidence that MVM was an alien at the time of the offense. MVM testified that she was born in Mexico and there is nothing to suggest that she was a legal resident of the United States at the time of the offense. Further, there is evidence that Defendant arranged for and paid others to smuggle MVM across the border, suggesting her status as an alien.

Second, there is evidence that Defendant encouraged or induced MVM to enter or reside in the United States. Specifically, MVM testified that Defendant made the decision for her to come to the United States, transported her to the border, arranged for and paid others to transport her across the border, arranged for another to pick her up on the other side of the border, and then brought her to Utah. By doing so, Defendant instigated and helped MVM enter the United States. There was also evidence that Defendant provided MVM fake immigration documents, employed her, and gave her a place to live, thereby assisting her to reside in the United States.

Third, there is evidence from which the jury could find that Defendant either knew or acted in reckless disregard of the fact that MVM's entry or residence in the United States was or would be in violation of the law. Specifically, the fact that Defendant arranged for MVM to be smuggled across the border and provided her fake immigration documents once in the United States is evidence that Defendant knew or acted in reckless disregard of the fact that MVM's entry or residence in the United States was or would be in violation of the law.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant caused "serious bodily injury" during and in relation to the offense. The term "serious bodily injury" means bodily injury which involves: (1) a substantial risk of death; (2) extreme

physical pain; (3) protracted and obvious disfigurement; or (4) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[11]

At trial, the government relied on the "extreme physical pain" portion of this definition. MVM provided detailed testimony of the abuse, both physically and sexually, that she allegedly suffered at the hands of Defendant. MVM also testified to the extreme pain that this caused her. From this, there is sufficient evidence from which the jury could find that Defendant caused MVM serious bodily injury.

This does not end the inquiry, however. As stated, the serious bodily injury must occur during and in relation to the underlying offense. According to the government's proposed instruction on this issue, which is based on Tenth Circuit Pattern Instruction 2.45, the phrase "during and in relation to" means that the serious bodily injury played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.[12] This instruction borrows from the case law involving firearm offenses. In those cases, courts have made clear that the government must prove a direct nexus between the firearm and the underlying offense.[13]

That same showing is required here. That is, the serious bodily injury would be required to play an integral part, have a role in, facilitate, or have the potential of facilitating the offense of encouraging or inducing an alien to enter or reside in the United States. Here, there is no

---

[11]18 U.S.C. § 1365(h)(3).

[12]Docket No. 53 at 6.

[13]*See United States v. Avery*, 295 F.3d 1158, 1175 (10th Cir. 2002).

6

indication that the serious bodily injury played an integral part, had a role in, facilitated, or had the potential of facilitating the encouraging or inducing by Defendant of MVM to enter or reside in the United States. Those acts the jury could find to be encouraging or inducing MVM to enter or reside in the United States are set forth above and include: transporting MVM to the border, arranging for and paying others to transport her across the border, arranging for another to pick her up on the other side of the border, driving her to Utah, providing fake immigration documents, and providing employment and a place to live. There is no evidence that the serious bodily injury occurred during any of these events. Nor is there any evidence that the serious bodily injury played an integral part, had a role in, facilitated, or had the potential of facilitating any of these events. Rather, the serious bodily injury, though tragic, was unrelated to the offense of encouraging or inducing MVM to enter or reside in the United States. As a result, the government has provided no evidence of a nexus between the serious bodily injury and the underlying offense and this final element has not been met. Therefore, Defendant's Motion for Judgment of Acquittal on the greater offense will be granted.

  *2. Lesser-Included Offense*

As set forth above, the Court has previously found that the charge of simple encouraging or inducing an alien to enter or reside in the United States was a lesser included offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury. Over Defendant's objection, the Court has permitted the government to proceed on the theory of this lesser-included offense. After the Court orally granted Defendant's Motion for

Judgment of Acquittal on the greater offense, the government immediately requested to proceed on the lesser-included offense.

Under Fed.R.Crim.P. 31(c)(1), a defendant may be found guilty of an offense necessarily included in the offense charged. "The indictment need not charge the defendant with the lesser offense in order for the trial court to submit that offense to the jury."[14] "When ruling on a motion for judgment of acquittal, a district court should consider not only whether the evidence would be sufficient to sustain a conviction of the offense charged, but also whether it would be sufficient to sustain a conviction on a lesser included offense."[15]

The lesser-included offense of simple encouraging or inducing an alien to enter or reside in the United States requires proof that: (1) MVM was an alien at the time of the offense; (2) Defendant encouraged or induced MVM to enter or reside in the United States; and (3) Defendant either knew or acted in reckless disregard of the fact that MVM's entry or residence in the United States was or would be in violation of the law. As set forth above, there is sufficient evidence on each of these elements. Therefore, Defendant's Motion for Judgment of Acquittal on the lesser-included offense will be denied.

---

[14]*United States v. Dhinsa*, 243 F.3d 635, 674 (2d Cir. 2001); *see also United States v. Martel*, 792 F.2d 630, 638 (7th Cir. 1986) ("It is clear that a defendant need not be charged with a lesser included offense in order to be found guilty thereof.")

[15]*United States v. Wood*, 207 F.3d 1222, 1229 (10th Cir. 2000).

The Tenth Circuit has stated that "[i]f the evidence is sufficient to sustain a conviction on the lesser but not the greater offense, the judge may submit only the lesser charge to the jury."[16] The Court may do this in a number of ways.

> He may instruct the jury that it may find the defendant guilty of either the greater or the lesser-included offense. If the jury returns a verdict of guilty on the greater offense, the judge may enter a judgment of guilty on the lesser offense alone. Or, prior to submitting the case to the jury, the trial judge may decide to give effect to the provisions of both Rule 31(c) and Rule 29(a) . . . and submit to the jury only the lesser offense if he has determined that the evidence is insufficient to establish beyond a reasonable doubt that element of the greater offense which is not an element of the lesser offense.[17]

The Court will employ the latter method here. Having found that the government has failed to carry its burden with respect to the final element of the greater offense, the Court will submit only the lesser-included offense of simple encouraging or inducing an alien to enter or reside in the United States to the jury.

Defendant objects to going forward solely on the lesser-included offense. Defendant's arguments are similar to those raised in his previous Objection.[18] Defendant argues that, since the lesser-included offense is the offense contained in the original Indictment, the government should not be permitted to proceed on the lesser-included offense under the Superseding Indictment. As the Court has previously explained, "[t]he term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first."[19] A superseding indictment

---

[16]*Id.*

[17]*United States v. LoRusso*, 695 F.2d 45, 52 (2d Cir. 1982) (citations omitted).

[18]Docket No. 63.

[19]*United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackman, J., concurring).

9

may be returned at any time before a trial on the merits of an earlier indictment.[20] The Tenth Circuit has stated that there is "no authority which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air."[21] "Other circuits have clearly stated that a superseding indictment does not in effect dismiss the original indictment and that both indictments can co-exist."[22] The result is that two indictments remain pending and the government may choose which Indictment it wishes to proceed to trial upon.[23]

Here, the government chose to proceed to trial on the Superseding Indictment and jeopardy has now attached. As set forth above, and previously, the Court has found that the charge of simple encouraging or inducing an alien to enter or reside in the United States was a lesser included offense of encouraging or inducing an alien to enter or reside in the United States causing serious bodily injury. Therefore, the Court must overrule Defendant's objection on this ground.

---

[20] *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977).

[21] *United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991).

[22] *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004).

[23] *United States v. Stricklin*, 591 F.2d 1112, 1115 n.1 (5th Cir. 1979) ("A superceding indictment may be returned at any time before a trial on the merits. Indeed, two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment. Since the original indictment apparently was never dismissed, there are technically two pending indictments against [the defendant], and it appears that the government may select one of them with which to proceed to trial.") (citations omitted); *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977) ("As we understand it, there are two pending indictments against the defendants, and the government may select one of them with which to proceed to trial.").

Defendant also argues that proceeding on the lesser-included offense violates the Speedy Trial Act.[24] The Tenth Circuit has stated that a superseding indictment does not reset the speedy trial clock when it only joins or adds required offenses.[25] Thus, the addition in the Superseding Indictment of the "causing serious bodily injury" did not reset the speedy trial clock.[26] However, when Defendant was arraigned on the Superseding Indictment, the Magistrate Judge excluded all time from the previous trial date to the new trial date under the Speedy Trial Act.[27] The docket further reveals that all but 69 days have been excluded under the Speedy Trial Act since Defendant's arraignment on the original Indictment. Therefore, the Court finds that no speedy trial violation has occurred.

B.      MOTION FOR MISTRIAL

Defendant orally moved for mistrial on both the second and final days of trial. Defendant argues that he has been unduly prejudiced by the admission of evidence in relation to the element of causing serious bodily injury.

---

[24]The Defendant previously filed a Motion to Dismiss on speedy trial grounds, but failed to support that Motion with a supporting memorandum. Docket No. 29. Without a memorandum in support, the Court was unable to determine the merits of Defendant's Motion and it was dismissed without prejudice. Docket No. 32. Defendant has not renewed his Motion.

[25]*United States v. Mora*, 135 F.3d 1351, 1355 (10th Cir. 1998) (collecting cases).

[26]*See id*. ("The superseding indictment was also filed on January 24, which added the charge of "with intent to distribute" to the original charge of possession and, therefore, did not reset the speedy trial clock."); *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir. 1990) ("The filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses.").

[27]Docket No. 28.

"The district court has discretion to grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired."[28] The focus is on whether the defendant's right to a fair and impartial trial was impaired.[29] "[M]otions for mistrial . . . call for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case."[30]

The government has presented evidence that Defendant physically and sexually abused MVM. This evidence was relevant as the issue of whether Defendant caused MVM serious bodily injury during and in relation to the underlying offense. This element is no longer an issue in this case. Thus, the relevance of this evidence has now dwindled. While it is true that Defendant may be prejudiced by these allegations, the Court finds that the prejudice can be mitigated by cautionary instructions to the jury focusing their attention on the elements of the case. The Court will further instruct the jury that it should not consider the evidence that Defendant allegedly inflicted injuries upon MVM during its deliberations and that, instead, they are to decide whether the government has proven beyond a reasonable doubt that Defendant is guilty of the crime charged. The Court will also instruct the jury that Defendant is not on trial for any act or conduct not specifically charged. With these instructions, the Court believes that prejudice can be mitigated and mistrial is unwarranted.

---

[28] *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004).

[29] *United States v. Gabaldon*, 91 F.3d 91, 93 (10th Cir. 1996).

[30] *Id*. at 94.

## III. CONCLUSION

Based on the above, it is hereby

ORDERED that Defendant's Motion for Judgment of Acquittal is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendant's Motion for Mistrial is DENIED.

DATED   January 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge